1

2

3

4                          UNITED STATES DISTRICT COURT

5                          EASTERN DISTRICT OF WASHINGTON

6

7    DONALD COLE BURCHETT,

                                                    NO. CV-07-00346-JLQ
8             Plaintiff,
                                            **ORDER GRANTING**
9        v.                                 **DEFENDANT'S MOTION FOR**
                                            **SUMMARY JUDGMENT and**
10   ROBERT BROMPS, et al.,                 **DIRECTING ENTRY OF**
                                            **JUDGMENT OF DISMISSAL**
11            Defendants.                    **WITH PREJUDICE**

12

13

14

15        **BEFORE THE COURT** is the Defendant's Motion for Summary Judgment (Ct.

16   Rec. 48), to which the *pro se* Plaintiff has responded in opposition (Ct. 60).  The motion

17   was heard without oral argument on November 20, 2008.

18                              I.  Statement of Facts

19   A.  Procedural History

20        The Plaintiff, a *pro se* litigant, is in the custody of the state of Washington on

21   various sexual offender charges and violations.  He filed his Complaint under 42 U.S.C.

22   § 1983 on October 29, 2007.  Ct. Rec. 1.  Jurisdiction before this court is proper as a

23   federal question is presented, pursuant to 28 U.S.C. § 1331.  The Defendants filed their

24   answer, with jury demand, on March 12, 2008.  Ct. Rec. 23.  The Plaintiff filed a Motion

25   to Withdraw Complaint (Ct. Rec. 41), but the court denied the motion as moot in light of

26   later filings by the Plaintiff (Ct. Rec. 58).

27

28

ORDER - 1

B.  Factual Background

At the time of the filing of his complaint, the Plaintiff, Donald Cole Burchett ("Burchett"), was incarcerated at the Spokane County Jail, awaiting trial on the charge of failing to register as a sex offender.  Mr. Burchett has been previously convicted of and sentenced to 70 months incarceration for Second Degree Assault with sexual motivation and Second Degree Kidnaping, based upon the sexual assault of two prepubescent children.  The crimes for which he was convicted took place at a church, though Mr. Burchett denies this, along with his actual guilt. However, the sexual assault conviction is a matter of record.

Mr. Burchett was released on community supervision from his 70 month sentence on May 26, 2006. Conditions of his release, of which he was aware, provided that Mr. Burchett could not initiate or prolong physical contact with any children, enter any places where minors congregate without permission, or have any contact with the victims or any other minor-age children.  Upon release, Mr. Burchett was placed on community placement/custody under the supervision of Community Corrections Officer Bob Bromps ("Bromps").  Defendant Todd Wiggs ("Wiggs") is Mr. Bromps' supervisor.

Mr. Burchett began attending church after he was released, first at Spokane Valley Open Bible Church, later at South Hill Seventh Day Adventist Church.  There were children present at both of these churches.  Mr. Burchett did not ask Mr. Bromps for permission to attend either church, nor did he inform leaders at either church that he was a convicted sex offender.  Pastor John Solomon of the Seventh Day Adventist Church contacted Mr. Bromps on January 17, 2007, and informed him that Mr. Burchett had been harassing a female member of the congregation, had failed to disclose his sex offender status, and had lied to various church leaders.  The next day, Mr. Bromps met with Mr. Burchett, and Mr. Burchett signed a stipulated Agreement in which he admitted to violating the conditions of his release by "frequenting a place where minors are known to congregate."  Two specific restrictions were imposed on Mr. Burchett.  First, he could not contact Associate Pastor Carol Corbin without her explicit permission as provided to

ORDER - 2

Mr. Bromps; and second, that he could not go within three city blocks of a church without the permission of Mr. Bromps.  Mr. Wiggs was not present for the signing of this stipulated Agreement on January 18, 2007.

On February 21, 2007, Mr. Bromps was called by a detective with the Spokane County Sheriff's office.  The detective informed Mr. Bromps of a phone call he had received from Pastor Dale Miller of Spokane Valley Open Bible Church.  Pastor Miller stated that he had seen Mr. Burchett on the news the night before in a piece identifying him as a Level III sex offender.  Pastor Miller recognized Mr. Burchett from recent church services.  Mr. Burchett had attended services several times since his last meeting with Mr. Bromps and his signing of the Agreement.  Burchett had also allegedly told several members of the church that he had just had knee surgery and that his brother was a recent casualty of war in order to curry favor and cause monetary charitable giving from the congregation.  These representations by Burchett, if made, were clear falsehoods. Mr. Bromps gave Mr. Burchett a verbal reprimand the next day, February 22, 2008.  Mr. Bromps received further information that Mr. Burchett continued to attend church services.  Though no date is specified, Mr. Burchett alleges that Mr. Bromps withheld permission for him to attend church with a friend for no reason, and that Mr. Bromps would only allow him to attend an Assembly of God church.  It is this alleged action by Bromps and the Agreement signed by Burchett that is the basis for this action.

## II.  Standard of Review

Summary judgment is appropriate only when there "is no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 243 (1986).  The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Once the moving party has met its

ORDER - 3

1  burden, the non-moving party must go beyond the pleadings and come forward with

2  specific facts to demonstrate that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).

3  The non-movant must, however, do more than show that there is some abstract doubt as

4  to the material facts.  He must present significant probative evidence in support of his

5  opposition to the motion for summary judgment in order to defeat the motion for

6  summary judgment.  *Anderson*, 477 U.S. at 248.

7                                          III.  Discussion

8       The Defendants argue that summary judgment on the Plaintiff's § 1983 civil rights

9  complaint is appropriate on four grounds: the Plaintiff's constitutional right to freely

10 exercise his religion was not infringed; the Defendants are entitled to quasi-judicial

11 immunity; Defendant Wiggs was a non-participant; and the Defendants are entitled to

12 qualified immunity.

13      "To establish a § 1983 claim, a plaintiff must show that an individual acting under

14 the color of state law deprived him of a right, privilege, or immunity protected by the

15 United States Constitution or federal law." *Levine v. City of Alameda*, 525 F.3d 903, 905

16 (9th Cir. 2008).  The Free Exercise Clause of the First Amendment "withdraws from

17 legislative power, state and federal, the exertion of any restraint on the exercise of

18 religion." *Abington School Dist. v. Schempp*, 374 U.S. 203, 222-23 (1963).  A free

19 exercise inquiry "asks whether government has placed so substantial a burden on the

20 observation of a central religious belief or practice and, if so, whether a compelling

21 government interest justifies the burden." *Hernandez v. Commissioner*, 490 U.S. 680,

22 699 (1989).

23      The basis of Mr. Burchett's civil rights complaint is the stipulated Agreement  he

24 signed at the behest of Mr. Bromps (Ct. Rec. 54, Attachment B) as a result of his

25 admitted violation of his Community Placement/Custody conditions (Ct. Rec. 51, App. 1,

26 Ex. H). Mr. Burchett contends that the stipulated Agreement "...told me that I could not

27 go to church.  This violates my right to practice free religion." ( Ct. Rec. 1, p. 3.)As

28 argued by Burchett the state may not impose restrictions on the ability of an ordinary and

ORDER - 4

1

unsupervised person from attending church. However, Mr. Burchett is a convicted sex

2   offender felon on community supervision.  (Ct. Rec. 51, App. 1.)  As such, he does not

3   enjoy the same level of freedom accorded others in our society who have refrained from

4   breaking its laws.

5          We begin our resolution of the issue by taking note of the well-established
           principle that parolees and other conditional releasees are not entitled to the full
6          panoply of rights and protections possessed by the general public.  Quite to the
           contrary, the Court has recognized that 'those who have suffered a lawful
7          conviction' are properly subject to a 'broad range of [restrictions] that might
           infringe constitutional rights in free society,' in no small part due to the
8          extraordinary rate of recidivism among offenders...These restrictions generally 'are
           meant to assure that the [conditional release term] serves as a period of genuine
9          rehabilitation and that the community is not harmed by the [releasee]'s being at
           large.' *U.S. v. Kincade*, 379 F.3d 813, 833-34 (9th Cir. 2004).

10

11         Although Mr. Burchett is not necessarily entitled to the same level of

12  constitutional rights as the rest of the citizenry, claims of civil rights violations are not

13  completely closed to him.  A free exercise claim "asks whether government has placed a

14  substantial burden on the observation of a central religious belief or practice and, if so,

15  whether a compelling governmental interest justifies the burden."  *Swaggart Ministries*

16  *v. Cal. Bd. or Equalization*, 493 U.S. 378, 384 (1990).  In order to reach the level of a

17  constitutional violation, the interference "...must be more than an inconvenience; the

18  burden must be substantial and an interference with a tenet or belief that is central to

19  religious doctrine."  *Graham v. C.I.R.,* 822 F.2d 844, 851 (9th Cir. 1987).

20         The limitation placed on Mr. Burchett by the stipulated Agreement did not

21  represent a substantial burden on the observation of a central religious belief or practice,

22  and cannot be considered anything more than an inconvenience.  Mr. Burchett could still

23  attend church if he so desired; he merely had to seek permission before doing so.  Mr.

24  Burchett does allege that he was denied permission to attend church at some

25  undetermined and unspecified time (Ct. Rec. 60, p. 2), but the record does not set forth

26  the specifics of any claim. The basis of his Complaint is a challenge to the validity of the

27  stipulated Agreement itself.  It is not a claim based on a specific incident or denial of

28  permission.  (Ct. Rec. 1, p. 3.)

ORDER - 5

1

2    The government has a compelling interest in making sure the community is
protected from pedophile sex offenders.  In this case, a church had complained of Mr.
3
Burchett harassing its members (Ct. Rec. 41, Attachment A), and Mr. Burchett's prior
4
crime of conviction took place in a church (Ct. Rec. 54, ¶ 4).  A church is a place where
5
children are often found, be they attending services or in a nursery, and keeping Mr.
6
Burchett away from minors is clearly a valid and appropriate objective behind the
7
conditions of his supervision.  (Ct. Rec. 51, Ex. 1, App. H.)  Mr. Burchett admitted to
8
violating the conditions of his supervised release by going to a place he knew minors
9
would congregate.  (Ct. Rec. 54, Attachment B.)  Based on this admission, the
10
government had a compelling interest in limiting the danger to the public presented by
11
Mr. Burchett.  Mr. Burchett was classified as a Level III Sex Offender, a level reserved
12
for those offenders considered to be the highest risk and likeliest to re-offend.  (Ct. Rec.
13
51, Ex. 1.)

14    The District of Oregon persuasively concluded that a parole condition nearly
15   identical to the one at issue in Mr. Burchett's stipulated Agreement was properly
16   interpreted by the Oregon Parole Board as not infringing on the parolee's First
17   Amendment right to free exercise.  That court recognized that an absolute prohibition
18   against attending church could infringe the right to free exercise, but such a blanket
19   prohibition is not present in this case.  See *Hunter v. Trautwein*, 2006 WL 3463441, 7-8
20   (D.Or. 2006).  The stipulated Agreement signed by Mr. Burchett only prohibited him
21   from being within three city blocks of a church "*without the permission of the*
22   *supervising CCO* (emphasis added)."  (Ct. Rec. 54, Attachment B.)

23    Even without evaluating Mr. Burchett's complaint under the less rigorous standard
24   by which the claims of infringement of constitutional rights of convicted felons and
25   supervised releasees are judged, this court concludes that no inappropriate burden was
26   placed on Mr. Burchett's right to freely exercise his religion.  Even if the burden were
27   substantial, there existed a compelling government interest in keeping a Level III sex
28   offender, one who had admitted to violating the conditions of his release, away from

ORDER - 6

children, an environment similar to that of his past conviction, and in protecting the

community as a whole.  Because Mr. Burchett has presented no valid civil rights

violation of his First Amendment right to free exercise actionable under § 1983, the court

finds it unnecessary to reach the merits of the other grounds for summary judgment

raised by the Defendants.  Accordingly,

      1. The Defendants' Motion for Summary Judgment is **GRANTED**.

      **IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order, enter

judgment in favor of the Defendants dismissing the Complaint and the claims therein

with prejudice, close the case file, and furnish copies to counsel and the *pro se* Plaintiff.

      **DATED** this 20th day of November, 2008.

s/ Justin L. Quackenbush<br>JUSTIN L. QUACKENBUSH<br>SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7